## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

_____

**BARBARA GARCIA,**

       Plaintiff,

   v.                                 No. CIV 08-0406 BB/WPL

**THOMAS J. VILSACK, Secretary,**
**United States Department of**
**Agriculture,**

       Defendant.

## MEMORANDUM OPINION

This MATTER comes before the Court on a motion for summary judgment (Doc. # 25) from the defendant, Thomas J. Vilsack, the Secretary of the United States Department of Agriculture (hereinafter "Defendant" or "the USDA").[1]  Barbara Garcia is the plaintiff in this action (hereinafter "Plaintiff" or "Ms. Garcia").  Ms. Garcia is a former employee of the USDA, who was terminated for alleged misconduct.  She sues under Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII").  The USDA seeks summary judgment because Plaintiff did not timely file her judicial complaint with this Court.[2]  After reviewing the submissions of the parties

----

[1]On January 21, 2009, Thomas J. Vilsack was appointed Secretary of the Department of Agriculture and is thus automatically the proper named Defendant in this action under Federal Rule of Civil Procedure 25(d).  *See* FED. R. CIV. P. 25(d).

[2]Before this opinion was filed, Defendant filed another summary-judgment motion (Doc. # 40) addressing the merits of Plaintiff's Title VII claims.  Because the Court finds that Plaintiff's Title VII claims were not filed on time, Defendant's additional motion for summary judgment should be DENIED as moot.

and the relevant law, the Court agrees with Defendant and concludes that the summary-judgment

motion (Doc. # 25) should be GRANTED.

## STANDARD FOR REVIEWING MOTIONS FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56 governs summary-judgment motions.  Summary

judgment is not "a disfavored procedural shortcut but rather [it is] an integral part of the Federal

Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination

of every action.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting FED. R. CIV. P. 1).

Summary judgment is appropriate if the evidence submitted by the parties shows "that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law."  FED. R. CIV. P.  56(c)).  In evaluating a motion for summary judgment, the Court views

the evidence in the light most favorable to the non-moving party.  *See T-Mobile Cent., LLC v.*

*Unified Gov't of Wyandotte County*, 546 F.3d 1299, 1306 (10th Cir. 2008) (citing *Timmerman v.*

*U.S. Bank, N.A.*, 483 F.3d 1106, 1112 (10th Cir. 2007)).  But a mere scintilla of evidence

supporting the non-moving party's theory does not create a genuine issue of material fact.

*Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1175 (10th Cir. 1999).

## FACTUAL BACKGROUND

The facts of this case are undisputed.  Plaintiff was a Forester for the Forest Service, a

branch of the USDA, in Santa Fe.  *See* MSPB Dec. (Doc. # 25, Exh. A at 1).  On May 14, 2007,

it came to light that Plaintiff had made what appeared to be unauthorized purchases with her

government-issued credit card, leading her supervisors to issue a "Letter of Inquiry."  *Id.* at 4.

When the Forest Service was unsatisfied with the explanations Plaintiff provided, it gave her a

notice of its decision to remove her dated September 18, 2007, effective September 29.  *Id.* at 5.

On the date her termination became effective, Plaintiff filed a mixed case appeal to the Merit Systems Protection Board (hereinafter "MSPB"), challenging the Forest Service's decision to discharge her.[3]  In that mixed case appeal, Plaintiff raised discrimination and retaliation as affirmative defenses to her termination.  *Id.* at 6, 10-11.  In particular, she alleged:  (1) that co-workers at the Forest Service unlawfully discriminated against her because of her sex and race; and, (2) that the USDA retaliated against her for seeking counseling from its Equal Employment Opportunity office (hereinafter "EEO office").  However, in the MSPB's thorough, 24-page written opinion, it rejected Plaintiff's defenses and affirmed the Forest Service's decision to remove her.  *See id.* at 21.  In addition, at the end of its opinion, the MSPB notified Ms. Garcia of her options going forward.  *Id.* at 22-24.

Those options were the following:  (1) she could receive a review of the MSPB decision by the MSPB itself, so long as she filed a petition for such review by February 22, 2008; (2) she could receive administrative review of her discrimination claims by filing a petition with the Equal Employment Opportunity Commission (hereinafter "EEOC"), so long as she did so no later than 30 days after February 22, 2008; or, (3) she could seek judicial review of her discrimination claims by filing a complaint in federal district court under Title VII, so long as she did so no later than 30 days after February 22, 2008.  *Id.* at 22-24.  Attempting to choose the third option, Ms. Garcia filed a complaint in this Court.  *See* Compl. (Doc. # 1).  Yet she did not do so until April 21, 2008—59 days after February 22, 2008, and 29 days after the deadline.  *Id.*

---

[3]A mixed case appeal is an appeal filed with the MSPB, alleging that an appealable agency action, *i.e.*, a termination or a demotion, was effected, in whole or in part, because of discrimination based on race, sex or advanced age.  *See* Civil Service Reform Act, 5 U.S.C. §§ 1201-1222 (providing a mechanism by which federal employees may assert discrimination claims that arise out of adverse employment actions which are appealable to the MSPB); *see also* 29 C.F.R. § 1614.302(a)(2) (defining "mixed case appeal").

## DISCUSSION

**A.  The Complaint Was Untimely, And The Court Has no Reason to Excuse Its Tardiness**

A basic precept of litigation is a plaintiff's obligation to file his or her judicial complaint in a timely manner.  *See Johnson v. United States Postal Serv.*, 64 F.3d 233, 238 (6th Cir. 1995) (affirming district court's decision to grant summary judgment because the plaintiff's complaint was untimely).  As discussed above, once the MSPB decision became final on February 22, 2008, Ms. Garcia had 30 days in which to file a judicial complaint in this Court.  *See* 42 U.S.C. § 7703(b)(2).  Ms. Garcia does not dispute that she filed her judicial complaint beyond that 30-day deadline.  For Plaintiff's claim to survive summary judgment, therefore, she must convince the Court to excuse the untimeliness of her complaint.

In so doing, Plaintiff faces an uphill battle.  Indeed, courts may only excuse a late-filing in Title VII cases under very extraordinary circumstances, including, for example, agency subterfuge.  *See Mosley v. Pena*, 100 F.3d 1515, 1518 (10th Cir. 1996) (equitable tolling may be appropriate where agency misled plaintiff or where extraordinary circumstances prevented plaintiff from asserting rights); *see also Simons v. Southwest Petro-Chem, Inc.*, 28 F.3d 1029, 1031 (10th Cir. 1994) (finding that a Title VII time limit will be tolled only upon a showing of deception).  As is clear from the aforementioned facts, Ms. Garcia suffered no such trickery here.

On the contrary, the MSPB gave Plaintiff straightforward, accurate instructions regarding her options in appealing its decision.  *See* MSPB Dec. (Doc. # 25, Exh. A).  Moreover, Plaintiff provides no explanation for her failure to file a complaint within 30 days of the date on which the MSPB decision became final.  Without a rationale for the dilatory nature of her complaint, Plaintiff may not benefit from the equitable tolling doctrine.  *See Harms v. IRS*, 321 F.3d 1001, 1006 (10th Cir. 2003) ("the district court did not abuse its discretion in concluding that equitable

tolling was not warranted because [the plaintiff] failed to proffer any evidence to justify the delay"). As a consequence, Plaintiff's complaint was untimely as a matter of law. *See Martinez v. Slater*, 1997 WL 589205 at *2 (10th Cir. 1997) (unpublished) ("Because plaintiff failed to file a timely complaint following the MSPB's decision, the district court did not err in granting summary judgment"). For these reasons, Defendant's summary-judgment motion (Doc. # 25) should be GRANTED.

## B. Plaintiff's Argument Regarding "Piecemeal Litigation" is Unpersuasive

Rather than explaining the tardiness of her judicial complaint, Plaintiff avers that the Court should disregard the 30-day deadline. Pl.'s Resp. (Doc. # 30 at 1-2). Plaintiff's argument hinges on the EEO complaint she filed with the EEO office, in which she alleged discrimination by co-workers at the Forest Service, and which she claims is still "pending." *See id.*; *see also* USDA Rep. (Doc. # 30, Exh. 2). In response to that EEO complaint, the EEO office investigated Plaintiff's allegations and issued a report on its findings. USDA Rep. (Doc. # 30, Exh. 2). Then, after receiving the report, Ms. Garcia sought a hearing before the EEOC, a request to which the EEOC never responded. *See* (Doc. # 30 at Exh. 4).

In an attempt to excuse her tardy filing, Plaintiff points out that because the EEOC has yet to grant a hearing reviewing the findings of the EEO office's report, and, the argument goes, because those findings addressed issues "inextricably intertwined" with the issues in her judicial complaint, dismissing this lawsuit for untimeliness would result in "piecemeal litigation." Pl.'s Resp. (Doc. # 30 at 2). What Plaintiff fails to acknowledge, however, is that by law she elected to pursue a remedy through the MSPB exclusively, thus voiding her subsequent EEO complaint.

To elaborate: once an aggrieved federal employee files a mixed case appeal with the MSPB, that act demarcates an election to proceed in that forum to the exclusion of others. *See*

*McAdams v. Reno*, 64 F.3d 1137, 1141 (10th Cir. 1995) ("A mixed case may be filed as a complaint with the agency's EEO office or as an appeal to the MSPB, but not both").  In other words, if an employee wishes to challenge her removal, while also raising discrimination claims or defenses, she has two options:  (1) she may file a complaint with her agency's EEO office, or (2) she may file a mixed case appeal with the MSPB—but she must choose one.  Also, in cases such as this, where the aggrieved employee in fact files both a mixed case appeal to the MSPB and an EEO complaint, "whichever is filed first shall be considered an election to proceed in that forum."  29 C.F.R. § 1614.302(b).  The question, then, is:  In which forum did Plaintiff file first?

The relevant dates make it clear that Plaintiff chose the MSPB option.  Ms. Garcia filed her mixed case appeal with the MSPB on September 29, 2007, three days before she filed her EEO complaint, on October 2.[4]  *See* EEO Compl. (Doc. # 30, Exh. 2 at 22).  By filing a mixed case appeal to the MSPB first, Plaintiff waived her right to have the EEO office address her discrimination claims.[5]  *See, e.g., Economou, supra*, 286 F.3d at 149-150 (once a government employee elects to pursue a mixed case appeal before the MSPB, she is obliged to follow that route, to the exclusion of any other remedy that may have been available).  Thus, the EEO office

---

[4]At some point during the time between receiving the Forest Service's notice of removal and its effective date, Ms. Garcia sought EEO counseling.  *See* MSPB Dec. (Doc. # 25, Exh. A at 11).  Though she contacted the EEO office before she filed the mixed case appeal, the timing of this contact is irrelevant.  The essential comparison is the date on which she filed her mixed case appeal, versus when she lodged a formal EEO complaint.  *See* 29 C.F.R. § 1614.301 ("[a]n election to proceed [with an EEO action] is indicated only by the filing of a written complaint; use of the pre-complaint process . . . does not constitute an election for purposes of this section."); *see also Economou v. Caldera*, 286 F.3d 144, 149 (2d Cir. 2002) ("This binding 'election' between the MSPB and EEO remedies occurs as soon as a formal petition is filed in either forum.").

[5]As evidenced by the USDA's Report of Investigation, the EEO office did in fact address Plaintiff's  discrimination claims.  *See* USDA Rep. (Doc. # 30, Exh. 2).  However, because she filed the EEO complaint after she filed a mixed case appeal with the MSPB, this report was superfluous.  Put simply, the EEO office had no legal obligation to issue it.

had no obligation to issue its report.  *See Stoll v. Principi*, 449 F.3d 263, 266 (1st Cir. 2006)

(describing an EEO complaint as a "nullity" when filed after a mixed case appeal).  Indeed,

Plaintiff's request for a hearing with the EEOC is subject to dismissal, and the Court need not

concern itself with the potential for piecemeal litigation.  *See* 29 C.F.R. § 1614.107(a)(4) (EEOC

regulation which states, "the [EEOC] shall dismiss an entire complaint . . . [w]here the

complainant has raised the matter . . . in an appeal to the [MSPB]").[6]  In short, Plaintiff's

argument cannot salvage her untimely claim.

**C.  Plaintiff's Request For Leave to Amend Her Complaint is Denied**

        The final matter the Court must address is Plaintiff's request for leave to amend her

complaint, so as to include issues raised in her EEO complaint.  *See* Pl.'s Resp. (Doc. # 30 at 2).

Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint shall be given

freely.  FED. R. CIV. P. 15(a).  However, a district court may deny leave to amend a complaint

where the party seeking amendment knew of the facts upon which the proposed amendment is

based, but failed to incorporate them into the original complaint.  *See Las Vegas Ice and Cold

Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990).

        Plaintiff does not deny that, at the time she filed her judicial complaint, she knew of the

facts upon which all the claims in her EEO complaint were based.  In fact, the only cause of

action in her EEO complaint that is not included in her judicial complaint is one of disparate

treatment based on sex, which she asserts occurred during her employment with the Forest

Service.  *See* USDA Rep. (Doc. # 30, Exh. 2).  However, her tenure with the Forest Service

_____

        [6]In her response brief, Plaintiff asserts that she is "entitled to have her day in court on the
pending EEO complaint[.]"  That, however, is an inaccurate statement of the law pursuant to
C.F.R. § 1614.107(a)(4), which mandates that the EEOC dismiss a complaint when it
encompasses matters already raised in a mixed case appeal.

ended almost seven months before she filed her judicial complaint.  As there is no reason to believe that Plaintiff was unaware of the factual basis for her disparate treatment claim when she filed her judicial complaint, that cause of action should have been included therein.

Moreover, as Defendant points out, Plaintiff provided notice in the Joint Status Report of her intention to file an amended complaint by December 15, 2008.  *See* Joint Status Rep. (Doc. # 12 at 2).  And Magistrate Judge Lynch adopted the time line set forth by the parties as an order of the Court.  *See* Sch. Order (Doc. # 16).  Despite Plaintiff's declared intention, however, she never filed an amended complaint.  Given this unexplained failure to follow the time line agreed to by the parties and Judge Lynch, the Court is disinclined to allow Plaintiff to amend her complaint now.  For these reasons, the Court denies Plaintiff's request.

<u>**CONCLUSION**</u>

In sum, Plaintiff's complaint alleging violations of Title VII was untimely, and she has not provided evidence to persuade the Court that the filing deadline should be tolled.  In addition, Plaintiff's argument that the Court should ignore the 30-day deadline to prevent "piecemeal litigation" is unavailing.  Defendant's summary-judgment motion (Doc. # 25) should thus be GRANTED.  Lastly, under the circumstances of this case, the Court elects to exercise its discretion by denying Plaintiff's request for leave to amend her complaint.


_____
BRUCE D. BLACK
United States District Judge